**R.R. PENNINGTON, Jr., Plaintiff,**

v.

**Raymond J. DONOVAN, Secretary of the United States Department of Labor, Defendant.**

**Misc. No. H–82–144.**

United States District Court,
S.D. Texas,
Houston Division.

April 18, 1983.

---

Jack F. Urquhart, Houston, Tex., for plaintiff.

Karen Handorf, U.S. Dept. of Labor, Washington, D.C., for defendant.

## ORDER

CIRE, District Judge.

This matter is before the court on R.R. Pennington's motion to quash an administrative subpoena, issued pursuant to Section 504 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1134, and subject to the Right to Financial Privacy Act of 1978 ("the Act"), 12 U.S.C. § 3410(a). On March 19, 1983, the Court ordered the Secretary of Labor ("the Secretary") to file a sworn response to the plaintiff's motion to quash, which response was filed on March 18, 1983. The matter is now before the Court for decision.

The Secretary has met his burden of showing that he is engaged in a legitimate law enforcement inquiry. An investigation is legitimate if it is one the agency is authorized to make and is not being conducted solely for an improper purpose such as political harassment or intimidation or otherwise in bad faith. ERISA § 504, 29 U.S.C. § 1134, gives the Secretary of Labor the authority to investigate to determine whether any person has violated or is about to violate Title I of ERISA or any regulation or order issued under that Title. The affidavit of Oscar E. Masters, the Administrator of the Dallas Area Office of the Labor Management Services Administration, states that the investigation of Control Specialties, Inc. Profit Sharing Plan ("the Plan") was instituted pursuant to that authority. The assertions of the Plaintiff that the investigation has interfered with his work and put him to great expense are insufficient to establish that the investigation of the Plan is not legitimate.

The records concerning Certificates of Deposit jointly owned by the Plan and by private individuals required to be pro-

duced by the subpoena are relevant to that law enforcement inquiry. Any records relating to the manner in which proceeds from the Certificates of Deposit have been disbursed or transferred and the manner in which extensions of credit have been granted to co-owners of the Certificates may be used as evidence or may lead to evidence which would establish whether any person has violated or is about to violate Title I of ERISA.

■ The Secretary of Labor has complied with Section 3405 of the Act, 12 U.S.C. § 3405. The Secretary stated with reasonable specificity the nature of the law enforcement inquiry in his notice letter to the Plaintiff. The notice letter stated that he was investigating to determine whether any person has violated or is about to violate any provision of Title I of ERISA. This was enough to inform the Plaintiff of the nature and scope of the law enforcement inquiry.

Similarly, the Secretary also met the requirement of Section 3405 that he serve a copy of the subpoena upon the customer on or before the date on which the subpoena was served on the financial institution. As the affidavit of Department of Labor Investigator Benjamin J. Groner establishes, the subpoena was served on Plaintiff on the same day it was served on the financial institution.

Accordingly, it is ORDERED that the challenged subpoena be enforced insofar as it requires the production of documents relating to Certificates of Deposit partially or wholly owned by the Control Specialties, Inc. Profit Sharing Plan.